Good morning. My name is Ryan Norwood, and I represent Esaul Cardenas in this appeal. If I could, I'd like to reserve the remainder of my time for rebuttal. Please, for you and others, just stop the clock for a second. I'm going to do some housekeeping here. The clock runs down, and we don't keep track of your rebuttal time, so just kind of keep your eye on the clock. When it goes down to zero, it means you're out of time. And the trap door will open up immediately thereafter, and you will just disappear. So keep your eye on the clock, okay? I will, Your Honor. Go ahead. Thank you. The attorney who was appointed to represent Mr. Cardenas was admonished or was threatened with sanctions three different times during the course of the appeal. He ignored or disobeyed at least five different orders from the Nevada Supreme Court. It took him almost a year to do anything in this case. When he finally acted, what he did was he cut and pasted a motion that had been filed in the district court. He labeled it an opening brief, and he submitted it. This brief was limited to one state law issue. The representation that this lawyer provided Mr. Cardenas was ineffective and was unprofessional under any standard of review. Moreover, Mr. Cardenas was prejudiced by this representation because there were meritorious issues, meritorious Federal issues that could have been raised under clearly established Federal law in this appeal. And what were those, counsel? There were two issues.  The second was an issue that Mr. Cardenas' plea counsel provided ineffective assistance during the plea. I guess what I'm most troubled, I take your point about the fact that Mr. Cardenas' counsel may not have been first in his class, but on the other hand, under Strickland, one of the most difficult prongs for someone in your client's position to meet is the prejudice prong. And as I look at it here, Cardenas himself stated on the record that he understood the charges, he acknowledged that he had read and understood the plea agreement, and he recounted the factual basis for the crime in a fairly lengthy colloquy. He seems to be an intelligent person. You know, it's a little hard in a plea situation to argue a non-intelligent waiver when you have a situation like that. Why am I off on that? I would agree if you look at just the plea colloquy and just the agreement itself, that you could perhaps say that it was a valid plea. But Mr. Cardenas' specific allegations have always been that there were misrepresentations made to him outside of that record, specifically by his attorney about the consequences of his plea. And how can we ever know? My understanding on that point was that he said his lawyer promised him that he would get probation if he pleaded guilty, whereas he was going to get some type of mandatory minimum sentence like he got life with parole after 10 years. Now, is that in the record that his lawyer, he says his lawyer promised him probation? It's in the record through Mr. Cardenas' pleadings, which he filed with the state court and made part of his federal pleadings. The reason it wasn't further developed in the record is that the state courts never gave him an opportunity to develop that allegation. Was there a plea colloquy? I was trying to find. There was a plea colloquy in the state court. And during that plea colloquy, he was never told what the maximum sentences were? He was. There was a plea colloquy in which the judge informed him that he could receive a sentence of 10 years to life, and also that there was a possibility he could receive probation. So the facts are extra record. That is to say the lawyer told him outside of that setting that it was likely he'd get probation. That's correct, Your Honor. Yeah, go ahead. Well, Counsel, I was going to say, at some point in your argument, I'd like you to please address the certificate of appealability issue that was given to us on a motion, and we said we would defer it until after argument. As the government complains, I think that your client didn't raise this issue in the district court, and that the circuit was mistaken by granting its own certificate of appealability. I can address that right now. My argument is that the substance of that argument was presented in the lower court, but the primary argument would be that this issue is now waived and stopped. The certificate of appealability in question was issued in March of 2009. The State wanted to raise a challenge to it. It should have been raised then or at the very least in their answering brief, which was submitted in late 2009. Not only did the State not challenge this issue, but in their answering brief, the State's position was that this claim that were — that was briefed was correctly decided by the court below on the prejudice prong. So — Throughout the papers, they talk about part of the accusation against appellate counsel was that he did not perfect the appeal. Is perfect the appeal a sort of code for he didn't raise anything, or does it mean stuff wasn't timely? In other words, there was — the debate on appeal seemed to be did the man even have counsel, and then he thought he didn't have counsel because this lawyer was not paying attention, and then the lawyer — so much of the State record was about whether he had counsel. And then at the district court, the issue becomes did he perfect the appeal. Was that the content that you say is the subject of our appeal now? That perfect the appeal meant he didn't do anything? The underlying problem, Your Honor, is that Mr. Cardenas' attorney was so ineffective that he didn't keep his client informed as to what was going on in this direct appeal. So it appears that at the time he filed this Federal petition, Mr. Cardenas wasn't aware that he had actually — eventually filed a brief on his behalf. The State's allegation is that the only claim that he raised in the Federal court, therefore, was this claim that he was denied the right to counsel and that he didn't raise a Strickland claim involving ineffectiveness and prejudice. But if you look at what he actually pled in the Federal petition, he did plead a Strickland claim. He argued, at least in the alternative, that, you know, not only was I — you know, did I lawyer fail to perfect this appeal, but if he had perfected it, he would have raised these meritorious Federal issues. And he referred to the — I have a question based upon the very recent pinholster case that the Supreme Court decided. I know a little bit about that case. And the first issue dealt with whether or not the District Court could hold a hearing, an evidentiary hearing, to consider evidence that was not raised at the State level. And the Supreme Court, by a 7-2 vote, said no way. I'm overstating it. But I'm wondering, in this case, since, by your own admission, a Strickland IAC claim was not raised at the State level, how are you going to get the — even if we gave you relief, sent it back to the District Court to consider the IAC claim in the first instance, how are you going to get evidence in that the lawyer said what he allegedly said under pinholster? How do you get it? There's a couple of issues raised by your question. Let me address two of them. The first is the remedy I'm seeking here. The remedy that this Court and other courts have granted, where a violation of the right to effective assistance of a counsel on appeal is found, is to grant a conditional writ that would give the petition the ability to file an appeal in State court. So if the court granted — But is this an AEDPA claim? Is it not? Yes. Okay. So what I'm saying is the Supreme Court says that under AEDPA, if you didn't raise the argument before the State court, you're toast. You can't raise it. I don't even know what's going to happen with claims of absolute or, you know, actual innocence in the Schlepp series of things. They haven't dealt with that yet. But they very clearly said, if you didn't raise it there, you can't raise it now under AEDPA. But is the distinction you're drawing between ineffective assistance of trial counsel, which arguably could have made its way through the State court, and ineffective assistance of appellate counsel, which is, if your counsel is so extraordinarily incompetent, this can't possibly be raised, is that essentially the pinhole or issue doesn't apply, is what your argument sounds like, to appellate counsel in effectiveness? There are two reasons why this pinhole issue would not apply here. I see my time is running low, but I'd like to address this point. The first is, the remedy I'm seeking here is a remedy that would allow the evidence to be developed in the first instance in the State courts, not in the Federal court. If what this Court did was to allow Mr. Cardenas the right to file an appeal in State court, then he could seek to address the development of the record through the State courts. He could ask the Nevada Supreme Court to remand the issue to the State district court so that they could develop these facts in the first instance. It seems that there's also an exhaustion issue that's raised at this question. Exhaustion isn't an issue in this case because the State has waived and conceded exhaustion for all the claims in the petition. I would agree that perhaps an exhaustion challenge might have had merit, but, again, it's not an issue at this point of the appeal. Because there hasn't been a ruling on the merits in the State courts, then the standards of review that are concerned in pinholster under 2254d don't apply to this case. What pinholster holds is that you can't get review under, what it holds is that under 2254d, if you can't meet those standards or if it applies, you can't get an evidentiary hearing in Federal court. But it doesn't apply to situations where 2254d doesn't apply in the first place, which is the situation here. Okay. Why don't we hear from the government, and we'll give you a minute to respond after his presentation, okay? Thank you. Mr. Conner. They're coming for you. That's a nice introduction. May it please the Court, Counsel. My name is Jeffrey Conner. I'm a Deputy Attorney General in the Office of the Attorney General of the State of Nevada, and I have the privilege of representing the Respondents in today's matter. At the outset, the Respondents would like to thank the Court for taking the time to present the merits of that issue. One thing that I would like to point out with our emergency motion, I noted in the motion that the, I note a review of the docket in this case shows that the Petitioner did in fact file an application for a Certificate of Appealability in this case. However, a review of the docket will show that the Respondents were not served with the Certificate of Appealability or application for Certificate of Appealability, nor was the Federal District Court. So up until I received the response to our motion, I was not aware that the Petitioner had in fact filed an application for a Certificate of Appealability. I want to be sure we separate apples and oranges here. You've raised your, in your motion, you're challenging our jurisdiction. Correct. We've granted a Certificate of Appealability. We have jurisdiction. It's a final judgment on 1291. But on the other hand, the issue of waiver does come up. You know, we can deal with whether or not they have waived the argument, but are you seriously contending that we are stripped of jurisdiction to hear this matter? Well, I believe so, Your Honor. And where I get that is from the United States Supreme Court's holding in Miller L. versus Cockerell, found at 537 U.S. 322, wherein the Court said that the COA determination under 2253C requires an overview of the claims in the habeas petition and a general assessment of the merits. We look to the District Court's application of AEDPA to Petitioner's constitutional claims and ask whether the resolution was debatable amongst jurists of reason. The District Court never dealt with this claim. The Petitioner never raised such a claim, so it doesn't fall within the four corners of his petition. But that's the two issues. The question is whether the Petitioner raised the claim, and the question is whether he was given an opportunity to raise the claim before the District Court. The District Court thought that it was dealing with, again, the absence of counsel as opposed to the merits of what counsel did. Is that right? That's correct. And if you look at the plain language of it. But if the petition raised the merits of what counsel did, then this is simply error on the District Court's part. Correct. But if you read the plain language of section 2253, it limits this Court's jurisdiction to review of the District Court's resolution of the merits of the claim, the claims raised in the petition. But that doesn't – well, the claim – it doesn't make sense. If the District Court – if there's, you know, claims 1, 2, and 3, and the District Court doesn't resolve 3, we don't have jurisdiction to say you goofed? No, absolutely not. That would be an instance of error. But if the petition's not in – if the claim's not in the petition, then essentially there is no review to be had. What about this traverse that Mr. Cardenas filed, which essentially raised the appellate – inadequacy of appellate counsel? Once again, if you look at the traverse, it – he rephrases his ground 2 of his claim to say that my attorney failed to perfect the appeal. He doesn't say my attorney was ineffective on direct appeal because he failed to say that my – my plea counsel was ineffective or that my plea was involuntary. And furthermore, on that point, if you look at the Nevada Supreme Court's decision on direct appeal, it completely undermines the prejudice prong of a direct – ineffective assistant of counsel on direct appeal because the Nevada Supreme Court found and is a state, which can be found at 117 Nevada – I lost the citation, but – when, as the petitioner notes, he challenged the voluntariness – not necessarily the voluntariness of his plea, but he raised the state issue, which allows a defendant to withdraw his plea prior to sentencing, provided that he can show a substantial reason for doing so and it's fair and just for the court to allow him to withdraw his plea. In interpreting that statute, the Nevada Supreme Court has said that the court has a duty to apply a totality of the circumstances test to determine whether that plea was entered knowingly, voluntarily, and intelligently. And the Nevada Supreme Court looked at that issue. They did a totality of the circumstances review of the record. They found that the petitioner made a knowing – But did the record include the representation, which was an extra record representation that – about the nature of his advice? Sort of – in one sense, it's like the Padilla case, the Supreme Court deportation case, which is raising claims about what counsel ought to have told the defendant about the consequences of his plea. Was that before the Nevada Supreme Court? Well, I don't know that it was – it wasn't raised in the direct appeal. However, they are required to do a review of the entire record. And he filed multiple pro se, pro per motions to withdraw his plea, which made these allegations that my attorney lied to me. He told me that I was going to be eligible for probation. And if we look at NRS 201-130 and the accompanying statutes that allow the court to impose a term of probation in certain sexual offenses, as is the offense in this case, he was eligible for probation. And the statement in his guilty plea memorandum that the court was required to sentence him to a term of life imprisonment with eligibility of parole beginning at 10 years is an accurate statement of law. You're going to the merits of the case now, are you not? You've gotten off the jurisdictional issue? Well, yes, I have wandered into the merits of it. And I think, you know, a denial of relief is the appropriate resolution in this case, no matter how this Court decides the issue. Just a moment ago, you said that the district court did not decide the issue that is the subject of the certificate of appealability. Ground one, the district court says Petitioner raised a claim of ineffective assistance of counsel when counsel allegedly failed to advise him properly, resulting in an invalid guilty plea as to the elements of the crime of sexual assault. Isn't that the very issue that's being addressed here? It is in terms of dealing with the prejudice prong of a claim for ineffective assistance of counsel on direct appeal. This Court has noted specifically in both Rose v. Palmatier 395F3D1108 and Kelly v. Small 315F3D1063, ineffective assistance of counsel claims are very fact-specific. And a claim for ineffective assistance of counsel will not – these cases deal with the issue of exhaustion. But it's sort of analogous to this. You're confusing me, counsel. I understand you're trying to make a certain distinction, but Judge Girdner just pointed out that there was a claim, an IAC claim, with respect to the direct appeal. You're saying that on a habeas appeal or something, there's an IAC claim? I wasn't aware that was the issue here. I'm not certain that I'm following. Well, we have trouble following each other then because I have no idea what you're talking about in terms of this particular issue. Judge Girdner has pointed out that at the trial level, at district court level, that there was, in fact, an IAC claim made with respect to the pleading, the guilty plea. And so that was clearly done. What you're saying was not on direct appeal. It was on habeas or on some kind of an appeal? Or what are we talking about? No. I believe what Ground One alleges is an ineffective assistance of plea counsel claim. And that – so that would go to the prejudice prong of him trying to establish that my counsel on direct appeal was ineffective for not raising this claim. So that would go to the prejudice prong of his claim for ineffective assistance of counsel on direct appeal. Judge Gould, when you're done answering Judge Smith, I have a couple of questions for you. Certainly, Your Honor. There's a distinction between his ability to succeed on the ineffective of plea counsel claim would go to the prejudice that my counsel was ineffective on direct appeal for not raising the ineffective assistance of plea counsel. They're two entirely separate claims. And they're factually distinct from each other. And so the fact that he raised an ineffective assistance of plea counsel claim in the district court does not establish, well, my attorney was ineffective on direct appeal for not raising this claim. How does one raise a claim about the ineffectiveness of counsel on appeal when that's the very person you're talking about? You're asking him to raise a claim against himself? Well, in this instance, Your Honor, that wasn't the case. I'm appealing because I'm ineffective. And that's why the Pellegrini case out of Nevada establishes that the proper forum to bring an ineffective assistance of counsel claim is in post-conviction relief in Nevada. In habeas. It's correct. It's to be brought in a petition for writ of habeas corpus post-conviction in the state district court. However, in this case, you know, that wasn't the case because he had different attorneys. Why don't you answer Judge Gould's question? Let me see if I can clarify this, at least from my own mind, in a simplistic way. As I understand it, the theory you're appealing on now is that your client had ineffective assistance on appeal in state court because his appellate lawyer didn't argue that the plea lawyer was ineffective in advising him about pleading guilty. Is that right? I'm not certain I'm following, but where? Well, is your argument that you wanted habeas relief on, that there was ineffective assistance of counsel on appeal in the state court? I believe that's what the petitioner is saying. The petitioner is now saying I was deprived of my right of the effective assistance of counsel on direct appeal because my attorney failed to raise these two appellate issues. Now, to do that, to succeed on that, he has to... That's his contention, so I want to get to your response to that. So, first of all, that issue was not raised... It wasn't raised in the district court. It wasn't raised in the state court, so it's unexhausted. And furthermore, to succeed on this claim, he has to show that counsel's performance on direct appeal dropped below a reasonable standard, an objective standard of reasonableness. And then he also has to show a reasonable likelihood of success on appeal, and he just cannot do that. Counsel, really, I'd like the answer to just a couple of simple questions. Certainly. Which I haven't gotten yet, really. So why don't you listen to what I'm asking you. He's asserting ineffective assistance on the appeal in the state court. As I understand it, and correct me if I'm wrong, the state rules said, state law said, that issue should be raised on collateral proceedings, not on direct appeal. He never raised that on a collateral proceeding, and he didn't do that in the time required, so it would be procedurally defaulted. He can't now file a collateral proceeding in state court to raise this issue. So it should be procedurally defaulted. That's correct, Your Honor. But the government never urged, as far as I understand, this is what I wanted you to answer. As I understand it, you never urged a procedural default on this issue. Well, I think that's part of the problem that we're presented with here. To first deal with what he filed a state post-conviction petition. However, that petition was resolved before his direct appeal was even concluded. And the state, or the Nevada Supreme Court. Is this an answer to the question of why the government never argued procedural default? Because that's the question raised by Judge Gould. Right. We never had an opportunity to, because he raised, he filed a state petition, and it was concluded before his direct appeal was concluded. They denied his state petition without prejudice to him to go back to the state court and file a new petition. Did you ever raise a procedural default issue in Federal court? We never had the opportunity to. Well, didn't he file in his Federal habeas petition a claim asserting that there was ineffective assistance on his appeal in the state court? I thought that there were three claims that the district court had. Ineffective assistance on direct appeal, ineffective assistance of the trial counsel, advising him on his plea, and whether the plea should have been withdrawn. So if he asserted a claim of IAC on direct appeal, the government, I would think, should have, in our Federal district court, asserted it was procedurally defaulted. The claim of ineffective assistance of counsel on direct appeal asserted by the petitioner was that, if you look at the petition, was that he was never appointed an attorney on direct appeal, which is completely belied by the record. He had an attorney. Now, it took some time and there was confusion as to who was actually appointed. If you look at the record, what happened was counsel was appointed during his sentencing hearing, and the attorney that was appointed to represent him wasn't present, and the district court never issued an order actually appointing him to represent the petitioner on direct appeal. But the – before the district court, before the proceedings were concluded, Cardenas submits a traverse in which he argues, whatever a traverse is, it is apparent that the petitioner is not asserting that he was not represented by counsel on direct appeal, but counsel's unwillingness to perfect an appeal denied him his right to appeal on the effective assistance of counsel. It seems that what he's conveying by this notion of perfecting an appeal, that nothing was done on my appeal. Yes, there was a lawyer who was there, standing there, but he didn't do anything. And the question is whether or not that conveys the issues that are before us now. And yet the government's response was it's not in effective assistance of counsel to refrain from appealing a correct ruling. That's an interesting position. I think we have your position. Do my colleagues have other questions? Well, I just want to ask one final question, because I want to know, would the government object to this type of resolution that we remanded to the district court? I think we can sua sponte consider the issue of procedural default. And so I think we could sua sponte identify that issue and remand it to the district court to have a hearing on whether the appellant can show cause and prejudice to be relieved of procedural default. If not, that's the end of it. If he can show cause and prejudice, then the district court would have to look at this claim on the merits. This is sort of a crazy case, because we're being asked to review all kinds of issues that have not been litigated in the state court or here, and we normally don't do that. Understood, Your Honor. And that's the trouble that I've had with this case, is that this issue has never been raised until in the first instance in this appeal. The certificate of appealability is extremely broad, and the petitioner took great liberty in briefing the issue. And whether or not remanding this to the district court for a determination of cause and prejudice, first, I still maintain my position that this court lacks jurisdiction to even entertain this appeal. Well, you know, I don't want to open this up to re-argument over your time. My question was just would the government object to that kind of a remand? I do agree that Coleman v. Thompson and the procedural bar issue certainly plays a role in this case. And if the court's inclined to do that, this court's going to do what it's going to do, regardless of my position on the jurisdictional issue. So if the court finds that that's the appropriate resolution for this case, so be it. I think it's futile, though, to reach that point that this claim lacks merit on its face. We have your point that we're going to do what we're going to do. We thank you for your argument. We'll give you a minute for rebuttal, counsel. Thank you. The state long ago waived any procedural defenses in this matter. Their position in the district court, and in their answering brief, was that Mr. Cardenas's claim should be denied under merits. Okay, but, counsel, we can sua sponte, as I understand the law, we can sua sponte identify procedural default. I think we would have the power to remand to ask the district court to address that issue with you and to see if your client can show cause and prejudice. So I have the same question for you as I gave the government. Do you object to that type of resolution? I can say this. I can say that that would be better than doing what the state is asking here, which is to simply dismiss the appeal. I understand that. My position has been that this, you know, throughout this litigation up until right now, the state's position has always been that these issues should be decided on their merits. So I would not be in favor of essentially giving them a do-over on relitigating this case in district court. But you would agree that we're going to do what we're going to do, right? I would certainly agree with that. Okay. All right, well, we thank you for your argument. And the case of Cardenas v. Palmer is submitted.
judges: Gertner, Gould, Smith M.